Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7963 | **DATE** | 12/22/11 |
| **CASE TITLE** | Anthony Mason (B-07828) v. David Rednour | | |

**DOCKET ENTRY TEXT:**

Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the $5.00 filing fee. His motion for leave to file his petition *in forma pauperis* [3] is denied as unnecessary. Petitioner is given 30 days from the date of this order to show cause why his petition should not be dismissed as time-barred. Petitioner's failure to respond to this order will result in his petition being stricken and the termination of this case. Petitioner's motin for the appointment of counsel [4] is denied without prejudice. Illinois Attorney General Lisa Madigan is dismissed as a Respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Petitioner Anthony Mason, an Illinois state prisoner in custody at the Menard Correctional Center, has filed a 28 U.S.C. § 2254 petition challenging his 2005 conviction for first degree murder (Cook County Circuit Court No. 01 CR 15906). Petitioner has paid the $5.00 filing fee, and his motion to file his petition *in forma pauperis* is thus unnecessary.

Before this court directs a response from the Respondent, however, Petitioner must demonstrate that his petition is timely. Petitioner was convicted on June 5. 2005. (Petition at 1.) The Illinois Appellate Court affirmed his conviction on January 15, 2008. According to his petition, Petitioner did not file a petition for leave to appeal with the Illinois Supreme Court, nor a petition for certiorari with the United States Supreme Court. Petitioner states that he filed a petition for post-conviction relief on August 25, 2008, which was denied on October 29, 2008. The Illinois Appellate Court affirmed the denial on March 3, 2010, and the Illinois Supreme Court denied Petitioner's petition for leave to appeal on November 3, 2010. Petitioner filed his federal petition for habeas corpus relief sometime between October 10, 2011 (date petition is signed) and November 8, 2011 (date this court received it).

Section 2244(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates: (A) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and applies retroactively to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
**(CONTINUED)**

isk

## STATEMENT

    The limitations period is tolled while "a properly filed application is pending. ..." 28 U.S.C. § 2244(d)(2). To be "properly filed" a post-conviction petition must comply with formal filing requirements, such as the "form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

    Petitioner's conviction became final 35 days after the appellate court affirmed his conviction on direct review on January 15, 2008, which is the amount of time to file a petition for leave to appeal, which Petitioner did not do. *Owens v. Boyd,* 235 F.3d 356, 357 (7th Cir. 2000), citing Ill Sup. Ct. R. 315(b) (allowing a maximum of 35 days to file a petition for leave to appeal to the state's highest court). Petitioner's conviction thus became final on February 20, 2008. Although a properly filed state post-conviction petition tolls the limitations period, Petitioner did not file his state post-conviction until August 25, 2008. A little more than six months thus elapsed on the one-year limitations period. The Illinois Supreme Court's November 3, 2010, denial of Petitioner's petition for leave to appeal the denial the of his post-conviction would have restarted the limitations period, leaving Petitioner a little less than six months, or until April 28, 2011, to file his federal habeas petition. According to the dates provided in his federal petition, his filing of his federal petition, even considering October 10, 2011, as the filing date, was five and one-half months late.

    While § 2244(d)(1) provides several specific exceptions to this rule, none appear to apply to this case. Accordingly, the court gives Petitioner 30 days from the date of this order to show cause why his habeas petition should not be dismissed as untimely. If he does not respond as to why his habeas petition should not be dismissed as untimely within 30 days of the date of this order, the court shall strike the petition and terminate this case.