# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7963 | **DATE** | 2/4/2013 |
| **CASE TITLE** | Anthony Mason vs. Dave Rednour, Warden | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies Mason's 28 U.S.C. § 2254 petition, declines to issue a certificate of appealability and terminates this case.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

## Procedural History

On June 5, 2005, Anthony Mason was convicted of first degree murder and aggravated battery with a firearm and sentenced to consecutive prison terms of fifty-five and eight years, respectively. (Pet. at 1.) He appealed, arguing that the trial court erroneously: (1) admitted his videotaped confession; (2) admitted evidence of his prior conviction for attempted murder; and (3) calculated his pre-conviction time served. (*See* Gov't Ex. B, Br. & Arg. Def.-Appellant at 2, *People v. Mason*, No. 1-05-2891.) The appellate court rejected these arguments and affirmed Mason's convictions. (*See* Gov't Ex. A, *People v. Mason*, No. 1-05-2891 (Ill. App. Ct. Jan 15, 2008).)

Mason filed a petition for leave to appeal ("PLA") to the supreme court, arguing that his confession and prior conviction should not have been admitted into evidence. (*See* Gov't Ex. E, PLA at 3-4, *People v. Mason*, No. 106096.) The supreme court denied the PLA. (*See* Gov't Ex. BB, *People v. Mason*, No. 106096 (Ill. May 29, 2008).)

Subsequently, Mason filed a petition for post-conviction relief, arguing that: (1) appellate counsel was ineffective for failing to raise on appeal any issue that the post-conviction court deemed waived; (2) trial counsel was ineffective because he did not adequately cross-examine eyewitness Eddie Baker or investigate his criminal history and failed to obtain a ballistics expert; (3) there was insufficient evidence to support the convictions; (4) the state failed to tell Mason that it dropped charges against Baker in exchange for his cooperation; and (5) the court improperly allowed the state to prosecute Mason for felony murder. (*See* Gov't Ex. AA, Pet. Post-Conviction Relief at 3-10, *People v. Mason*, No. 01 CR 15906-03.) The trial court denied the petition. (*See id.*, Certified Rep. of Disposition, *People v. Mason*, No. 01 CR 15906-03 (Cir. Ct. Cook Cnty. Nov. 6, 2008).)

On appeal, Mason's appointed counsel sought leave to withdraw on the grounds that he had considered

the claims in Mason's post-conviction petition and found they had no merit. (*See* Gov't Ex. G, Mot. Withdraw Counsel Appeal ¶ 4, *People v. Mason*, No. 1-08-3503; Gov't Ex. H, Mem. Supp. Mot. Withdraw Counsel Appeal at 11-19, *People v. Mason*, No. 1-08-3503.) The appellate court granted counsel's motion and affirmed the denial of the post-conviction petition. (*See* Gov't Ex. F, *People v. Mason*, No. 1-08-3503 (Ill. App. Ct. Mar. 30, 2010).)

Mason filed a PLA, arguing that: (1) "appellate counsel was ineffective for refusing to raise all of petitioner's meritorious claims on his direct appeal"; (2) trial counsel was ineffective because he did not investigate Baker's criminal history or obtain a ballistics expert; (3) the state failed to tell Mason it had dropped charges against Baker in exchange for his cooperation; and (4) there was insufficient evidence to convict. (*See* Gov't Ex. J, PLA at 2-11, *People v. Mason*, No. 110423.) The supreme court denied the PLA. (*See* Gov't Ex. CC, *People v. Mason*, No. 110423 (Ill. Sept. 29, 2010).)

## Discussion

In this § 2254 petition, Mason alleges that: (1) he was arrested without probable cause in violation of the Fourth Amendment; (2) his videotaped confession was involuntary, and thus its admission into evidence violated his Fifth Amendment rights; (3) his trial attorney was ineffective for (a) failing to move to quash Mason's arrest, (b) failing to move to suppress the confession and (c) instructing Mason to falsely testify at trial that he was involved in the crime; and (4) his appellate attorney was ineffective for failing to raise the first three claims on appeal.

## Procedural Default

Mason did not raise claims 1, 3 or 4 on direct appeal or during his post-conviction proceedings. (*See* Gov't Ex. B, Br. & Arg. Def.-Appellant at 2, *People v. Mason*, No. 1-05-2891; Gov't Ex. AA, Pet. Post-Conviction Relief at 3-10, *People v. Mason*, No. 01 CR 15906-03.) These claims are, therefore, procedurally defaulted. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (stating that a federal court can review § 2254 claims only if they have been litigated in "one complete round of state-court review").

The Court can still consider the merits of these claims, despite the default, if Mason shows cause for and prejudice from having failed to raise them in state court or that he is actually innocent, *i.e.*, "that no reasonable [fact finder] would have found him guilty of the crime[s] [for which he was convicted] but for the error(s) he attributes to the state court." *Lewis*, 390 F.3d at 1026. Because Mason has done neither, the Court cannot review these claims.

## Merits

The only claim Mason preserved for review is claim 2, that his Fifth Amendment rights were violated by the admission of his allegedly involuntary confession. The Court can grant habeas relief on this claim only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was "based on an unreasonable determination of the facts in light of the evidence presented." § 2254(d)(1),(2). The state court's factual determinations are "presumed to be correct," a presumption that Mason has the burden of rebutting with "clear and convincing evidence." § 2254(e)(1).

To determine whether a confession is voluntary, the court must examine "the totality of the circumstances surrounding [it]," *Johnson v. Pollard*, 559 F.3d 746, 753 (7th Cir. 2009) (citing *Miller v. Fenton*, 474 U.S. 104, 110 (1985)), including "the defendant's age, education, intelligence level and mental state[,] . . . the length of

his detention, the nature of his interrogations, the inclusion of advice about constitutional rights, . . . the use of physical punishment [and the] deprivation of food or sleep." *United States v. Brooks*, 125 F.3d 484, 492 (7th Cir. 1997). Drug use or withdrawal may also be relevant factors, but "a suspect's physical pain or drug use does not make a confession involuntary as a matter of law." *United States v. Walker*, 272 F.3d 407, 413 (7th Cir. 2001). Rather, "the test for voluntariness . . . is whether the claimed impairments caused the defendant's will to be overborne." *Brooks*, 125 F.3d at 492.

With respect to Mason's confession claim, the state court said:

In determining whether a confession is voluntary, the totality of the circumstances must be considered. Factors to consider include the defendant's age, intelligence, background, experience, mental capacity, education, . . . physical condition at the time of the questioning[,] the legality and duration of the questioning, including the advising of *Miranda* rights [, and] any physical or mental abuse by police, including the existence of threats or promises. . . .

In this case, the totality of the circumstances reveal that defendant's confession was voluntary. Detective Jirardi testified at the hearing on defendant's motion to suppress that he had advised defendant of his *Miranda* rights and defendant indicated that he understood those rights. Jirardi testified that defendant did not appear to be going through heroin withdrawal, and never complained of suffering. Jirardi never saw defendant shivering or shaking. Defendant told [Assistant State's Attorney] Curran that he had been treated fine, and that he had something to eat. Curran testified that defendant seemed alert and showed no signs of physical difficulties. Although [defense experts] Kathleen Sullivan and John Franklin testified that defendant displayed signs of heroin withdrawal in his videotaped confession, the trial court noted that their testimony did not conclusively prove defendant's judgment was affected during withdrawal.

. . . . The trial court heard the expert testimony, watched the videotaped statement, and properly weighed the evidence. After reviewing the entire record, we find that even if defendant was going through heroin withdrawal at the time of his videotaped statement, his statement was nevertheless given voluntarily.

(Gov't Ex. A, *People v. Mason*, No. 1-05-2891 at 7-9 (Ill. App. Ct. Jan 15, 2008) (citations omitted).) Because the state court identified the controlling legal standard and applied it reasonably to the unrebutted facts of the case, Mason is not entitled to habeas relief.

## Conclusion

For the reasons set forth above, the Court denies Mason's § 2254 petition and declines to issue a certificate of appealability because he has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating that to make a substantial showing of the denial of a constitutional right, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessments of the constitutional claims debatable or wrong"). This case is terminated.